968 So.2d 226 (2007)
Kevin BRADLEY
v.
DEPARTMENT OF POLICE.
No. 2007-CA-0794.
Court of Appeal of Louisiana, Fourth Circuit.
September 26, 2007.
*227 James E. Stovall, Covington, LA, for Plaintiff/Appellant.
James B. Mullaly, Assistant City Attorney, Joseph V. Dirosa, Jr., Chief Deputy City Attorney, Penya Moses-Fields, City Attorney, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge MICHAEL E. KIRBY, Judge DAVID S. GORBATY, Judge EDWIN A. LOMBARD).
MICHAEL E. KIRBY, Judge.
Plaintiff, Kevin Bradley, Sr., appeals from the Civil Service Commission's ("the Commission") dismissal of his appeal following termination of his employment with the New Orleans Police Department ("NOPD"). Plaintiff's employment was terminated for neglect of duty for taking unauthorized leave following Hurricane Katrina. For reasons that follow, we affirm.
Prior to the termination of his employment, plaintiff was a Police Officer II with the NOPD with permanent status. Plaintiff reported for duty to the Second Police District on August 28, 2005, and remained on duty as Hurricane Katrina made landfall in New Orleans on August 29, 2005. On August 30, 2005, while plaintiff was still on duty, his wife contacted him and told him that their five-year old son was with her at Memorial Medical Center where she was employed as a neonatal respiratory therapist. Plaintiff's wife told him that she had to evacuate with her patients to Dallas, Texas, and that their son was going to be in the care of one of her co-workers at the hospital because she could not take him with her. Plaintiff's wife asked him to check on their son. When plaintiff arrived at the hospital, he could not locate his son, and later learned that he had been taken to San Antonio, Texas. Plaintiff's wife insisted that plaintiff go to San Antonio to get their son.
On August 31, 2005, plaintiff drove to San Antonio to get his son, and notified a co-worker of his plans. The co-worker was not one of plaintiff's supervisors. Plaintiff retrieved his son in San Antonio, and then brought him to Dallas to be reunited with his mother. When he arrived in Dallas, plaintiff learned that his wife had been laid off from her job, so he took his wife and son to Shreveport, Louisiana where plaintiff's wife's parents lived. Plaintiff attempted unsuccessfully to reach his superiors by telephone during this time. He reported for duty again on September 17, 2005. Plaintiff was absent without authorization for seventeen (17) days.
*228 Plaintiff was suspended for thirty (30) days upon his return, and then returned to work until he was terminated by the NOPD following a hearing. Following his termination, plaintiff filed an appeal with the Commission. A hearing was held on March 9, 2006. On April 30, 2007, the Commission rendered its decision dismissing plaintiff's appeal, thereby affirming the NOPD's termination of plaintiff's employment. Plaintiff now appeals the Commission's dismissal of his appeal.
In his appeal, plaintiff argues that the Commission erred in imposing excessive and disparate punishment, and in arbitrarily and capriciously applying punishment guidelines to him.
The applicable legal precepts in this case are as follows: An employee who has gained permanent status in the classified city civil service cannot be subjected to disciplinary action by his employer except for cause expressed in writing. The employee may appeal from such disciplinary action to the City Civil Service Commission. The burden of proof on appeal, as to the facts, shall be on the appointing authority. La. Const. art. X, § 8 (1974); Walters v. Department of Police of City of New Orleans, 454 So.2d 106, 112-113 (La. 1984). The Commission's decision is subject to review on any question of law or fact upon appeal to the appropriate court of appeal. La. Const. art. X § 12(B).
The Commission has a duty to independently decide, from the facts presented, whether the appointing authority had good or lawful cause for taking disciplinary action and, if so, whether the punishment imposed was commensurate with the dereliction. Walters, 454 So.2d at 113. Legal cause for disciplinary action exists whenever an employee's conduct impairs the efficiency of the public service in which that employee is engaged. Cittadino v. Department of Police, 558 So.2d 1311 (La. App. 4 Cir.1990). The appointing authority has the burden of proving, by a preponderance of the evidence, that the complained of activity occurred, and that such activity bore a real and substantial relationship to the efficient operation of the public service. Id., at 1315.
In reviewing the Commission's exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, this Court should not modify the Commission's order unless it is arbitrary, capricious or characterized by an abuse of discretion. Walters, 454 So.2d at 114. "Arbitrary or capricious" means that there is no rational basis for the action taken by the Commission. Bannister v. Department of Streets, 95-0404, p. 8 (La.1/16/96), 666 So.2d 641, 647.
At his Commission hearing, Deputy Superintendent Marlon Defillo testified that according to guidelines established by the command staff of NOPD shortly after Hurricane Katrina, any officer absent without permission for more than fourteen (14) days was to be recommended for termination. Because plaintiff was absent without permission for more than fourteen (14) days, Deputy Superintendent Defillo recommended that plaintiff's employment be terminated. Sergeant Bernell Nevil, Jr., who conducted the investigation regarding plaintiff's disciplinary action, testified that plaintiff told him he did not seek permission from his supervisors to leave New Orleans to go get his child in Texas. Sergeant Nevil determined from his investigation that plaintiff was absent without authorization for a period of seventeen (17) days beginning on August 31, 2007. Plaintiff testified that he left town on August 31, 2007 to secure his family following the storm, but he admitted that he was absent without authorization for seventeen days.
*229 In his brief, plaintiff claims that he had four (4) days of absent without pay (AWP) days available to him, and that the application of those days would have allowed for a suspension rather than termination as his punishment because his unauthorized absence would have been for less than fourteen (14) days. Plaintiff also claims that some other similarly situated officers were allowed to have their AWP days considered, and received only suspensions rather than terminations. The Commission stated in its opinion that, given the nature of the post-Katrina emergency, the possibility that plaintiff would have been allowed to use AWP days is highly speculative. The Commission stated that it would not entertain this possibility.
The record before us contains no evidence that plaintiff had AWP days available to him, or that he would have been allowed to use them during his absence. Although plaintiff's counsel asked for a stipulation at the Commission hearing that plaintiff had four (4) AWP days available to him, the stipulation was not accepted. As a court of record, we cannot consider evidence that is not properly before us.
In the instant case, the evidence presented at the Commission hearing supports the findings of the NOPD and the Commission that plaintiff was absent without leave for more than fourteen (14) days following Hurricane Katrina. We agree with the Commission's finding that the penalty of termination was correctly applied in this case by the NOPD. The complained of activity in this case, i.e. neglect of duty for taking unauthorized leave following Hurricane Katrina for seventeen (17) days, certainly bore a real and substantial relationship to the efficient operation of the NOPD. The penalty of termination in this case was warranted and not excessive considering the circumstances. The Commission's denial of plaintiff's appeal was neither arbitrary nor capricious, and was not an abuse of discretion.
Accordingly, the judgment of the Commission is hereby affirmed.
AFFIRMED.